AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District PLYMOUTH COUNTY |
|---|---|
| Name | Prisoner No. W-65758 | Case No. 8102 |

Place of Confinement: O.C.C.C. ONE ADMINISTRATION RD. BRIDGEWATER, MA. 02324

Name of Petitioner (include name under which convicted): ALLEN SCOGGINS

Name of Respondent (authorized person having custody of petitioner): BRADY

V.

The Attorney General of the State of: TOM RILEY

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: BROCKTON SUPERIOR COURT, 32 BELMONT ST. BROCKTON, MA 02301

2. Date of judgment of conviction: DEC 17, 1998

3. Length of sentence: LIFE WITHOUT THE POSSIBILITY OF PAROLE.

4. Nature of offense involved (all counts): 1st DEGREE MURDER

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑  No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __SUPREME JUDICAL COURT__

   (b) Result __JUDGMENT AFFIRMED__

   (c) Date of result and citation, if known __789 N.E.2D 1080 (MASS 2003) 439 MASS. 571__

   (d) Grounds raised __SEE ATTACHMENT ON BACK (PAGE 1)__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

     (1) Name of court _____

     (2) Result _____

     (3) Date of result and citation, if known _____

     (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

     (1) Name of court _____

     (2) Result _____

     (3) Date of result and citation, if known _____

     (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☑   No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court __BROCKTON SUPERIOR COURT__

     (2) Nature of proceeding __MOTION FOR A NEW TRIAL (PRO-SE)__

     (3) Grounds raised __1. MOTION TO SUPPRESS ADMISSION AND STATMENT, 2. PROSECUTORIAL MISCONDUCT,__

(3)

AO 241 (Rev. 5/85)

3. INSUFFICIENT EVIDENCE, 4. INEFFECTIVE ASSISTANCE OF COUNSEL

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐  No ☒

    (5) Result _____

    (6) Date of result _____

(b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐  No ☐

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☒  No ☐
    (2) Second petition, etc.  Yes ☐  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
✓ (b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
✓ (e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
✓ (i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **(b.) CONVICTION OBTAINED by USE OF COERCED**
**SEE Attachment ON back, (page 2)**

Supporting FACTS (state *briefly* without citing cases or law) _____

B. Ground two: **(E.) "CONVICTION OBTAINED by A VIOLATION OF**
**the privilege against SELF-INCRIMINATION"**

Supporting FACTS (state *briefly* without citing cases or law): _____
**SEE Attachment ON back, (page 2)**

(5)

AO 241 (Rev. 5/85)

C. Ground three: (I.) "DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL" SEE ATTACHMENT ON BACK, (~~———~~)(pg 3-6)

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D. Ground four _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing _____

    _____

    (b) At arraignment and plea _____

    _____

(6)

AO 241 (Rev. 5/85)

    (c) At trial _____

    (d) At sentencing _____

    (e) On appeal _____

    (f) In any post-conviction proceeding _____

    (g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

                                             _[signature]_
                                             Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

04-15-04
  (date)

                                             _[signature]_
                                             Signature of Petitioner

PAGE 3

9. (D) GROUNDS RAISED

(Brief)

1. Whether the trial court erred in denying petitioner's motion to suppress admission and statements as the Commonwealth failed to demonstrate beyond a reasonable doubt that petitioner voluntarily waived his Miranda rights and voluntarily made a statement.

2. Whether upon broad consideration of the entire case, the court should exercise it's power under G.L. c. 278, §33E to reduce the verdict or order a new trial.

(Appeal of motion for a new trial) (pro-se)

1. Motion to suppress admission and statement, 2. Prosecutorial misconduct, 3. Insufficient evidence, 4. Ineffective assistance of counsel.

(1)

(6.) "CONVICTION OBTAINED by USE OF COERCED."

A. The petitioner had been held in a cold cell for 24 hours up until he was interrogated by Massachusetts State Police in South Carolina. Petitioner had little sleep because of being kept in a cold cell with only a tee-shirt, shorts and sneakers without laces, (Suppression Hearing) TR. I-20. For 24 hours and only placed in a warm room when Massachusetts Police interrogated him. (Off the record comments) Before the recording I was advised of my rights again, I ask for an attorney for the third time, At the suppression hearing Trooper Coppenrath testified that he did not remember his words but petitioner "asked if should have a lawyer with him." S. TR. I-24. I wasn't allowed to make a phone call to family or friends. Police used tactics to kept the petitioner away from an attorney and family until Massachusetts police arrived. The petitioner was than cajoled in making statements which was not voluntary.

(E.) "CONVICTION OBTAIN by a violation of the privilege against Self-Incrimination".

B.
The petitioner rights was violated when the Massachusetts State Police disregarded his right to privilege against self-incrimination, After the petitioner request for an attorney and denied any involvement.

(2)

(F.) "DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL"

C.

1. The petitioner was denied effective assistance of counsel when trial did not argue that the confession should be suppressed because the petitioner was not allowed to make a telephone call to family or friends, which is guaranteed by Massachusetts law. Trial counsel did not force the Commonwealth to present testimony that the petitioner had been taken before a court in South Carolina.

The Commonwealth cannot argue that they didn't have the opportunity to give the petitioner this right since they fax a waiver of arraignment and they could have provided him the same opportunity to make the telephone call. The Miranda Rights only afford him the opportunity to call an attorney. The petitioner was never advised that he could call either a family or a friend to seek advice. The failure to give him this right violated is constitution right.

If counsel had made this argument before the suppression judge, the court may have allowed suppression of the confession. Trial counsel should have requested a reconsideration of finding of fact ruling of law and order on petitioner's motion to suppress admission and statements that petitioner was brought to the

(3)

Local North Charleston Court House.

The only testimony present at the suppression hearing on this subject was by Patrick Ponteri, North Charleston Detective was that he did not take the petitioner to any court (Suppression hearing, Vol. II, p-39. The court's ruling that the petitioner was taken to a North Charleston court is also counter by Leonard Coppenath, Massachusetts State Police testimony was that he ~~didn't~~ didn't think the petitioner was taken before a magistrate (Suppression hearing, Vol. I, p-35-37). An inference would be he was not taken to court since the court would have advised him that he was entitled to appointment of counsel for extradition hearings.

2. The petitioner trial counsel rendered ineffective assistance of counsel when failed to investigate, interview and call upon witnesses for the petitioner's defense. Prior to trial counsel received police report stating that Massachusetts police officers interview Barbara Holbrook and they wrote that she told them that petitioner told her that he had tried to rob a cab driver and shot him when he jumped out of the car. Also that Vernon Campbell said that petitioner admitted he had shot a

(9)

CAB DRIVER. TR. II 128-130, TR. III-136-137, ▓▓▓
▓▓ ▓▓

Petitioner told defense counsel that it was not true, that he had not said that to them or anyone else. Further, that Ms. Holbrook alleged that petitioner said this when they were playing cards at Pam Price's house with Jermaine Campbell and Vernon Campbell. Petitioner told defense counsel that both Ms. Price and Jermaine Campbell were willing to testify that Ms. Holbrook was lying. Defense counsel did not investigate, did not interview any of the witnesses, knowing that the only evidence the Commonwealth presented to demonstrate felony murder was Ms. Holbrook's testimony. Counsel did not interview the witness even though he received funds from the court to do so, and even these were the only witnesses to contradict Ms. Holbrook.

Defense counsel did not interview Vernon Campbell and only learned during the commencement of trial that Mr. Campbell' testimony was exculpatory. That he would testify that what the police wrote was not true and that he would contradict Ms. Holbrook's testimony, showing that she lied. Further Vernon's testimony would have corroborated Ms. Holbrook's cross-examination testimony that she

(5)

only repeated what she heard from her boyfriend Vernon which is strictly hearsay. TR. III - 138 - 142

Trial counsel learn of this when the prosecution informed him that it would not be bring Vernon Campbell to testify as it had previously told defense counsel. Defense counsel then made an oral motion for funds to transport the witness to testify on the behalf of the defense, the court allowed the motion. TR. I - 40 - 45

Defense counsel did nothing, he did not secure the witness's attendance nor did he secure the attendance of Pam Price and Jermaine Campbell. The prosecution's witness Ms. Holbrook testimony was put before the Jury unchallenged. Her testimony was the only evidence the prosecution introduced to prove felony murder and premeditation, and the Jury relied upon that evidence in finding the petitioner guilty of felony murder and first degree premeditation murder. This evidence was relied upon even though Ms. Holbrook admitted and testified on cross-examination that she only repeated what her then boyfriend Vernon Campbell had told her, which is hearsay.

(6)