UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALLEN SCOGGINS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>TIMOTHY HALL, )<br>)<br>Respondent. )<br>)    | Civil Action No. 04-10814-PBS |

**ANSWER TO PETITION
FOR A WRIT OF HABEAS CORPUS**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules"), the respondent, Timothy Hall, by and through his counsel, the Attorney General of the Commonwealth of Massachusetts, hereby answers the Petition for a Writ of Habeas Corpus (the "Petition") as follows:

1. The respondent admits the factual allegations contained in paragraph 1 of the Petition.

2. The respondent admits the factual allegations contained in paragraph 2 of the Petition.

3. The respondent admits that the petitioner was sentenced to a term of life in prison.

4. The respondent admits the factual allegations contained in paragraph 4 of the Petition.

5. The respondent admits the factual allegations contained in paragraph 5 of the Petition.

6. The respondent admits the factual allegations contained in paragraph 6 of the Petition.

7. Paragraph 7 of the Petition is blank and therefore requires no response.

8. The respondent admits the factual allegations contained in paragraph 8 of the Petition.

9. The respondent admits the factual allegations contained in subparagraphs 9(a)-(c) of the Petition. The respondent denies all factual allegations contained in subparagraph 9(d) of the Petition that are inconsistent with or contrary to the grounds for relief contained in the petitioner's briefs to the Supreme Judicial Court. Subparagraphs 9(e)-(f) of the Petition are blank and thus require no response.

10. The respondent admits the factual allegations contained in paragraph 10 of the Petition.

11. The respondent admits the factual allegations contained in subparagraphs 11(a)(1)-(2) of the Petition. The respondent lacks the knowledge or information sufficient to admit or deny the factual allegations contained in subparagraph 11(a)(3) of the Petition. The respondent admits the factual allegations contained in subparagraph 11(a)(4) of the Petition. Subparagraphs 11(a)(5)-11(b) of the Petition are blank and thus require no response. The respondent admits the factual allegations contained in subparagraph 11(c) of the Petition. Subparagraph 11(d) of the Petition is blank and thus requires no response.

12. The respondent states that paragraph 12 of the Petition contains legal argument and conclusions to which no response is required. To the extent that a response is deemed

necessary, the respondent denies the factual allegations contained in paragraph 12 of the Petition insofar as they are inconsistent with the facts found by the state trial and/or appellate court.

13.     Paragraph 13 of the Petition is blank and thus requires no response. Answering further, the respondent states that Grounds One and Two of the Petition are exhausted only insofar as the two claims mirror the claim raised in Argument A of the Brief and Record Appendix of the Defendant-Appellant, dated March 28, 2000 and filed in the Massachusetts Supreme Judicial Court (Docket No. SJC-08120).

14.     The respondent admits, on information and belief, the factual allegations contained in paragraph 14 of the Petition.

15.     Paragraph 15 of the Petition is blank and thus requires no response.

16.     The respondent admits the factual allegations contained in paragraph 16 of the Petition.

17.     The respondent lacks the knowledge or information sufficient to admit or deny the factual allegations contained in paragraph 17 of the Petition.

### First Affirmative Defense

The Petition should be denied because it fails to state a claim upon which habeas corpus relief can be granted.

### Second Affirmative Defense

The Petition should be denied to the extent that the petitioner did not fairly present the substance of all of his federal habeas claims to the Supreme Judicial Court of Massachusetts as the exhaustion doctrine requires. See 28 U.S.C. § 2254(b).

### Third Affirmative Defense

The Petition should be denied because the petitioner has procedurally defaulted on some or all of his claims.

### Fourth Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d)(1).

### Fifth Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. See 28 U.S.C. § 2254(d)(2).

### Sixth Affirmative Defense

The Petition should be denied because the petitioner cannot rebut the presumption of correctness accorded to the state courts' factual determinations underlying his purportedly federal constitutional claims. See 28 U.S.C. § 2254(e)(1).

### Seventh Affirmative Defense

The Petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

### Eighth Affirmative Defense

The Petition should be denied to the extent that the petitioner's grounds for relief are premised solely on matters of state law.

### Ninth Affirmative Defense

The Petition should be denied if and to the extent that the decision of the state court below rests on a state law ground that is both independent of the federal questions the petitioner presents here and adequate to support the judgment.

### Tenth Affirmative Defense

The Petition should be dismissed to the extent that the petitioner fails to allege any violation of the United States Constitution or federal law. See 28 U.S.C. § 2254(a), § 2241(c)(3).

### Eleventh Affirmative Defense

The respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

### Supplemental Rule 5 Materials

In accordance with Rule 5 of the Habeas Rules, the respondent states that, based on his preliminary review, the Petition appears to be timely filed. 28 U.S.C. § 2244(d). Moreover, it appears that the petitioner exhausted his state-court remedies before filing his petition. 28 U.S.C. § 2254(b). In particular, Grounds One and Two of the Petition appear to be exhausted because they apparently mirror the claim raised in Argument A of the Brief and Record Appendix of the Defendant-Appellant, dated March 28, 2000 and filed in the Massachusetts Supreme Judicial Court (Docket No. SJC-08120). If the petitioner attempts to raise different claims in the course of these proceedings, however, then those claim would not be exhausted. Relevant portions of the state-court record, as well as a list of available transcripts, are contained in Respondent's Supplemental Appendix, which is filed herewith.

**WHEREFORE**, the respondent respectfully requests that the Petition for a Writ of Habeas Corpus be denied.

Dated: July 15, 2004

THOMAS F. REILLY,
ATTORNEY GENERAL

_/s/ Natalie Monroe_
Natalie S. Monroe (BBO# 562383)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2833

### Certificate of Service

I, Natalie S. Monroe, hereby certify that, on July 15, 2004, I caused to be served a true and correct copy of the foregoing document by mailing a copy of the same by first-class mail, postage prepaid, and addressed to the *pro se* petitioner, Allen Scoggins, Prisoner No. W-65758, Old Colony Correctional Center, One Administration Road, Bridgewater, Massachusetts 02324.

_/s/ Natalie Monroe_
Natalie S. Monroe