

### The Commonwealth of Massachusetts
### Committee for Public Counsel Services
### 44 Bromfield Street, Boston, MA 02108

TEL: (617) 482-6212
FAX: (617) 988-8495

**WILLIAM J. LEAHY**
CHIEF COUNSEL

**PATRICIA A. WYNN**
DEPUTY CHIEF COUNSEL
PRIVATE COUNSEL DIVISION

**ANDREW SILVERMAN**
DEPUTY CHIEF COUNSEL
PUBLIC DEFENDER DIVISION

November 3, 2004

Mr. Allen Scoggins
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324

Dear Mr. Scoggins,

I apologize for the delay in responding to your letters dated August 19 and October 27, 2004. On March 28, 2002, I promised you that CPCS would assign screening counsel if your direct appeal was denied. Your letters are now requesting that screening. Therefore, the Committee for Public Counsel Services will assign an experienced attorney to review your case and recommend to CPCS Chief Counsel, William J. Leahy, whether any meritorious legal issues exist to warrant the assignment of a lawyer to you. This process is necessary because we can only assign counsel when a right to counsel exists and none exists at this stage of your case. The only other instance where counsel can be assigned is when a review reveals a meritorious "collateral" attack on a conviction.

The term "collateral attack" refers to motions or proceedings which occur after trial and conviction, other than the direct appeal from the conviction. The most common form of collateral attack is a motion for new trial filed under Massachusetts Rule of Criminal Procedure 30.

CPCS will generally assign counsel in connection with a collateral attack (for which, unlike at trial and on direct appeal, there is no automatic right to counsel) only where we determine that there is at least one "meritorious" issue. Put most simply, the term "meritorious" means that the claim has legal merit and, therefore, presents a reasonable (even if small) chance of success. The rationale for this standard is that, if there is no reasonable chance that the new trial motion or other collateral attack will be successful, then the defendant would not benefit in a meaningful way from having counsel assigned.

The assignment process is time consuming, so please be patient.

Finally, you ask what will happen if you do not respond to the federal judge's briefing order. If you do not file a brief in federal court, the judge will decide your habeas claims based only on the petition. You may want to ask the judge to hold off ruling on the

habeas until after CPCS has had a chance to review your case. I have enclosed a form you may wish to use. Good luck to you.

Very truly yours,

David Nathanson
Staff Attorney
Criminal Appeals Unit
Private Counsel Division