UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALLEN SCOGGINS,
    Petitioner


    v.                                          CIVIL ACTION NO.
                                                04-10814-PBS


DUANE MacEACHERN,
    Respondent.


**ORDER RE:
PETITIONER'S MOTION FOR AN EVIDENTIARY
HEARING (DOCKET ENTRY # 48); MOTION
FOR APPOINTMENT OF COUNSEL
(DOCKET ENTRY # 49)**

**August 10, 2010**


**BOWLER, U.S.M.J.**

Petitioner Allen Scoggins ("petitioner"), an inmate at the

Massachusetts Correctional Center in Shirley, Massachusetts

("MCI-Shirley"), seeks a petition for a writ of habeas corpus

under 28 U.S.C. § 2254 ("section 2254") from his current

custodian, respondent Duane MacEachern ("respondent"),

Superintendent at MCI-Shirley.[1]  Petitioner, who legally changed

his name to Allen Alston after filing the petition, is proceeding

pro se and in forma pauperis.  In two separate motions, he seeks

---

[1]  In accordance with Rule 25(d), Fed. R. Civ. P., Duane
MacEachern, the current Superintendent at MCI-Shirley, is
automatically substituted for respondent Timothy Hall.

appointment of counsel and an evidentiary hearing.  (Docket Entry

## 48 & 49).

"Indigent litigants," such as petitioner, however, "possess

neither a constitutional nor a statutory right to appointed

counsel."  Montgomery v. Pinchak, 294 F.3d 492, 498 (3rd Cir.

2002) (recognizing that 28 U.S.C. § 1915(e)(1) gives the court

statutory authority to request appointed counsel); Swazo v.

Wyoming Department of Corrections State Penitentiary Warden, 23

F.3d 332, 333 (10th Cir. 1994) (no constitutional right to

appointment of counsel beyond direct appeal of criminal

conviction); see also Morin v. State of Rhode Island, 741 F.Supp.

32, 36 (D.R.I. 1990) (constitution does not mandate

representation after trial and first appeal).  Rather,

appointment of counsel in a collateral attack on a criminal

conviction is discretionary.[2]  Heath v. United States Parole

Commission, 788 F.2d 85, 88 (2nd Cir. 1986).

Section 1915(e)(1) of Title 28 of the United States Code

gives a court the discretion to request appointed counsel for

"any person unable to afford counsel."  28 U.S.C. § 1915(e)(1);

---

[2]  Appointment of counsel, however, is mandatory where the
district court conducts an evidentiary hearing.  Swazo v. Wyoming
Department of Corrections State Penitentiary Warden, 23 F.3d at
333 (all circuits "agree that [Rule 8(c), 28 U.S.C. foll. § 2254]
makes appointment of counsel mandatory when evidentiary hearings
are required"); Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir.
1994) (appointment of counsel discretionary where no evidentiary
hearing required).  As explained infra, an evidentiary hearing is
not necessary at this juncture in the proceedings.

see Weir v. Potter, 214 F.Supp.2d 53, 54 (D.Mass. 2002) (citing

section 1915(e)(1) and noting that appointment is discretionary).

In addition, under 18 U.S.C. § 3006A(a)(2) ("section

3006A(a)(2)"), a court may appoint counsel for a "financially

eligible person seeking relief under section 2254 when the

interests of justice require."  Battle v. Armontrout, 902 F.2d

701, 702 (8th Cir. 1990).  Section 3006A(a)(2) provides that:

> (2) Whenever the United States magistrate judge or the court
> determines that the interests of justice so require,
> representation may be provided for any financially eligible
> person who-- . . .
>
>     (B) is seeking relief under section 2241, 2254, or 2255
> of title 28.

18 U.S.C. § 3006A(a)(2).

In order to obtain appointed counsel, "an indigent litigant

must demonstrate exceptional circumstances in his or her case to

justify the appointment of counsel."  Cookish v. Cunningham, 787

F.2d 1, 2 (1st Cir. 1986); accord Weir v. Potter, 214 F.Supp.2d

at 54.  The rare cases warranting appointment of counsel in the

interests of justice typically involve nonfrivolous claims with

factually and/or legally complex issues and a petitioner who is

severely hampered in his ability to investigate the facts.  See

United States v. Mala, 7 F.3d 1058, 1063-1064 (1st Cir. 1993)

(discussing application of section 3006A(a)(2) to section 2255

motion, noting coalescence of the three, aforementioned

circumstances and citing Battle v. Armontrout, 902 F.2d at 702, a

section 2254 case); <u>Battle v. Armontrout</u>, 902 F.2d at 702

(remanding section 2254 petition for appointment of counsel where

claim was nonfrivolous, facts and law were complex and the

petitioner's incarceration severely hampered his investigative

abilities); <u>Weir v. Potter</u>, 214 F.Supp.2d at 54 (in assessing

whether exceptional circumstances exist to warrant appointment,

courts consider "merits of the case, the litigant's capability of

conducting a factual inquiry, the complexity of the legal and

factual issues, and the ability of the litigant to represent

[him]self").

A June 2010 status report indicates that petitioner was then

in the process of seeking leave to appeal to a single justice of

the Massachusetts Supreme Judicial Court, <u>see</u> Mass. Gen. L. ch.

278, § 33E,[3] a denial of a motion for a new trial filed under

Rule 30(b), Mass. R. Crim. P., in Massachusetts Superior Court

Department (Plymouth County).  As indicated in the July 9, 2010

motion for an evidentiary hearing, however, the single justice

denied leave.

At this juncture, the proceeding is in a nascent stage.

Petitioner only recently completed collateral review.  Respondent

has not filed a response to the petition.  The issues are also

not complex at this point in time.  Because the petition is at a

---

[3]   Because of petitioner's first degree murder conviction,
section 33E requires petitioner to seek and obtain leave from a
single justice to appeal the motion.

preliminary, non-complex stage, appointment of counsel is not

necessary or required.[4]  Petitioner may renew the motion when

this case proceeds to a more complex stage involving nonfrivolous

claims.

An evidentiary hearing is also not required or necessary.

The Antiterrorism and Effective Death Penalty Act of 1996 bars an

evidentiary hearing in federal court unless a petitioner shows

that his "claim relies on (i) a new rule of constitutional law,

made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable; or (ii) a factual

predicate that could not have been previously discovered through

the exercise of due diligence."  28 U.S.C. § 2254(e)(2).

Restated, the standard provides that "if a petitioner develops a

factual basis for a claim in state court (or sufficiently

attempts to do so), subpart (e)(2) does not bar an evidentiary

hearing in district court."  Guidry v. Dretke, 397 F.3d 306, 323

(1st Cir. 2005) (emphasis in original); see also Teti v. Bender,

507 F.3d 50, 61-62 (1st Cir. 2007) (discussing 28 U.S.C. §

2254(e)(2)).

Even assuming that petitioner avoids this bar, convening an

evidentiary hearing is premature.  Again, although respondent

filed an answer, he has not filed a brief in opposition to the

---

[4]  A prior attempt to obtain representation through the
Committee for Public Services Counsel apparently was unsuccessful
inasmuch as no attorney has filed an appearance.

petition.  The issues to be addressed at an evidentiary hearing are therefore not yet properly framed.  Denying an evidentiary hearing without prejudice at this time is therefore prudent.  In the event respondent chooses to oppose the petition with a brief in opposition thereto, petitioner may renew the motion for an evidentiary hearing.


<u>CONCLUSION</u>

The motion for appointment of counsel (Docket Entry # 49) and the motion for an evidentiary hearing (Docket Entry # 48) are therefore **DENIED** without prejudice.


    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge